# In the United States Court of Federal Claims

No. 13-69C
(Filed September 12, 2013)
NOT FOR PUBLICATION

```
* * * * * * * * * * * * * * * * * * * * * * * *
                                              *
                                              *
WILLIAM OSCAR HARRIS,                         *
                                              *
              Plaintiff,                      *
                                              *
      v.                                      *
                                              *
THE UNITED STATES,                            *
                                              *
              Defendant.                      *
                                              *
* * * * * * * * * * * * * * * * * * * * * * * *
```

## ORDER

On August 12, 2013, under Rule 59 (e) of the Rules of the United States Court of Federal Claims ("RCFC"), plaintiff filed a motion for reconsideration of this Court's July 31 Memorandum Opinion dismissing his complaint. The relevant rule states that a motion for reconsideration may be granted:

> (A) for any reason for which a new trial has heretofore been granted in an action at law in federal court;

> (B) for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court; or

> (C) upon the showing of satisfactory evidence, cumulative or otherwise, that any fraud, wrong, or injustice has been done to the United States.

RCFC 59(a)(1). To prevail under this rule, the movant must "show that: (a) an intervening change in controlling law has occurred; (b) evidence not previously available has become available; or (c) that the motion is necessary to prevent manifest injustice." *Prati v. United States,* 82 Fed. Cl. 373, 376 (2008) (citing *Bishop v. United States,* 26 Cl. Ct. 281, 286 (1992)).

Plaintiff has pointed to no such changes, new evidence, or potential for manifest injustice. Rather, plaintiff falsely claims that the Court "ignored" and had "not mentioned" what he characterizes as "significant discovery evidence," Mot. to Alter or Amend Final J. ("Mot. to Alter") at 1 --- namely, his requests for admission to which defendant objected. The order dismissing the case did, in fact, address these requests. *See* Mem Op. & Order (July 31, 2013) at 4. Plaintiff's motion merely restates his arguments that by not anwering the requests, the government admits that a contract existed between it and plaintiff. *See* Mot. to Alter at 1-5.

Plaintiff's contention is incorrect, for the two reasons given in the Court's previous opinion. First, the government served a written objection to the requests within the time period required under RCFC 36(a)(3). *See* Ex. 4 to Pl.'s Resp. to Def.'s Mot. to Dismiss ("Pl.'s Resp.") (copy of defense counsel's June 11, 2013 objection to the requests).[†] Thus, the matters were not admitted under RCFC 36(a)(3). If Mr. Harris believed (correctly, it would appear, *see* RCFC 26(a)(1)(B)(iv)) that the legal basis for the objection was incorrect, his recourse was to file a motion contesting the sufficiency of the government's objection, and the remedy is the ordering of an answer, not a deemed admission. *See* RCFC 36(a)(6). Second, parties may not create jurisdiction by stipulation. *See S. Cal. Federal Sav. & Loan Ass'n. v. United States,* 422 F.3d 1319, 1328 n.3 (Fed. Cir. 2005). Thus, even if the government (accidentally or otherwise) were to admit the existence of a contract with the plaintiff, the Court would be obliged to dismiss the case for lack of subject-matter jurisdiction, when the complaint fails to allege facts giving rise to an actual contract. For the reasons stated above, plaintiff's motion for reconsideration is **DENIED**.

**IT IS SO ORDERED.**

s/ Victor J. Wolski

**VICTOR J. WOLSKI**
Judge

---

[†] The requests for admission were served May 10, 2013. *See* Exs. 1-2 to Pl.'s Resp. The deadline for serving an objection ended June 12, 2013, 33 days after the requests were served --- thirty days per RCFC 36(a)(3), plus three days under RCFC 6(d).